No. 55,585

J. M. FORD, II and THE FIRST NATIONAL BANK OF ST. JOSEPH, as Co-Trustees of Albert L. Bartlett Trust, *Plaintiffs/Appellants*, v. RUSSELL W. WILLITS and CITIES SERVICE GAS CO., *Defendants/Appellees*,

and

RUSSELL W. WILLITS, *Third Party Plaintiff/Cross-Appellant*, v. BOARD OF COUNTY COMMISSIONERS and JEFFERSON COUNTY ABSTRACT CO., *Third Party Defendants/Cross-Appellees*.

(697 P.2d 834)

Opinion filed April 5, 1985.

*Larry R. Mears*, of Duncan, Senecal, Bednar & Mears, Chartered, of Atchison, was on the brief for plaintiffs/appellants.

*Peter K. Curran*, of Petefish, Curran & Immel, of Lawrence, argued the cause and was on the briefs for defendant/appellee, third-party plaintiff/cross-appellant Russell W. Willits.

*Janet Chubb*, of Topeka, argued the cause, and *Glenn D. Cogswell*, of Topeka, was on the brief for defendant/appellee Cities Service Gas Company.

*Alan V. Johnson*, of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause; and *Deanne Watts Hay*, of the same firm, and *M. Dean Burkhead*, of Riling, Norwood, Burkhead & Fairchild, Chartered, of Lawrence, were with him on the brief for third-party defendant/cross-appellee Jefferson County Abstract Company.

*Milton P. Allen*, Jr., of Allen, Cooley & Allen, of Lawrence, was on the brief for third-party defendant/cross-appellee, Board of County Commissioners.

The opinion of the court was delivered by

MILLER, J.: Plaintiffs, J. M. Ford, II, and the First National Bank of St. Joseph, as co-trustees of the Albert L. Bartlett trust, sought to quiet title to the trust's undivided one-fourth mineral interest in Jefferson County land which had been sold at a tax

foreclosure sale to defendant Russell W. Willits some seven years earlier. Plaintiffs appeal from summary judgment entered against them in Jefferson District Court. Defendant Willits cross-appeals from dismissal of his third-party petition against the Board of Jefferson County Commissioners and the Jefferson County Abstract Company.

The trial court held that plaintiffs' action was barred by the twelve-month time limitation contained in K.S.A. 79-2804b, and also by laches. The Court of Appeals, in an opinion appearing at 9 Kan. App. 2d 735, 688 P.2d 1230 (1984), reversed. The background facts are fully set out in the Court of Appeals opinion and will not be repeated. Concisely stated, the Court of Appeals held:

(1) The plaintiff-trustees have standing to bring this action even though their appointments as successors to the original trustees were not recorded in Jefferson County.

(2) There was no service of process, either personally or by publication, upon the plaintiff-trustees in the tax foreclosure action. Relying on *Walker v. Hutchinson City*, 352 U.S. 112, 1 L.Ed.2d 178, 77 S.Ct. 200 (1956); *Weaver v. Frazee*, 219 Kan. 42, 547 P.2d 1005 (1976); *Chapin v. Aylward*, 204 Kan. 448, 464 P.2d 177 (1970); and *Pierce v. Board of County Commissioners*, 200 Kan. 74, 434 P.2d 858 (1967), the Court of Appeals held that as to plaintiff-trustees, the court did not acquire jurisdiction over them. Failure to serve the trustees denied them due process. The Court of Appeals further held that the tax foreclosure proceeding and the tax deed which followed were void; a void judgment may be set aside at any time; and the limitation contained in K.S.A. 79-2804b is inapplicable.

(3) Laches is not available as a defense by the purchaser at the tax sale (Willits) since the passage of time cannot cure a void judgment.

(4) Willits can show no detrimental reliance, an essential element of equitable estoppel. Therefore, that doctrine is inapplicable.

(5) Plaintiffs' mineral deed, executed September 30, 1946, but not recorded until January 18, 1947, is not void under what is now K.S.A. 79-420, since it was recorded the following January and prior to March 1, the listing date for personal property, K.S.A. 79-306, and thus was "listed for taxation," the second

alternative provided in 79-420. Once the deed was recorded, it became the responsibility of county officials to place it on the tax rolls.

(6) The judgment was reversed and the case remanded for further proceedings. The dismissal of the third-party petition, the third-party claim of Willits' for damages against the Board of Jefferson County Commissioners and the Jefferson County Abstract Company, was also reversed and remanded with directions to reinstate the third-party petition.

We agree with the disposition of the appeal by the Court of Appeals. We also agree with the opinion authored by Judge Briscoe, with the exception of the treatment of the subject of laches. The opinion states:

"Having concluded that the failure to notify plaintiffs of the foreclosure rendered the judgment void, it follows that laches is also not a viable defense.   .   .   .

" ' ".   .   . Laches of a party cannot cure a judgment that is so defective as to be void; laches cannot infuse the judgment with life [7 Moore's Federal Practice § 60.25 [4], pp. 314-15 (2d ed. 1982)]." ' 7 Kan. App. 2d at 629-30." 9 Kan. App. 2d at 744-45.

We agree that the general rule is that laches cannot be asserted in an action to set aside a void judgment, and we agree that the defense of laches is inapplicable under the facts before us in this case. The general rule is stated in 49 C.J.S., Judgments § 337b(7):

"*The doctrine of laches* does not apply in the case of a judgment by default which is void, and under such circumstances a showing of diligence is not necessary."

However, we do not believe that the rule should be absolute. In 46 Am. Jur. 2d, Judgments § 752, we find the following statement:

"The defense of laches has been regarded as not available against a motion to open or vacate a void judgment, for the reason that no amount of acquiescence can make it valid. This rule applies *at least where no one has been injured by the delay* in making the motion or when the party who seeks to have the judgment vacated had no notice or knowledge of the judgment. It has been applied where the invalidity did not appear on the face of the judgment. *There may be some instances, however, under which laches or delay may be asserted to preclude relief, as where others innocently relied on the record of the judgment.*" (Emphasis added.)

And at 46 Am. Jur. 2d, Judgments § 806, the following appears:

"The action in equity [for relief from a void judgment] is of course subject to the equitable defense of laches, the existence of which depends not so much upon the length of the delay as upon the inquiry whether during the period of the delay such changes have taken place in the position of the parties relative to the subject matter of the action as to render it inequitable to permit the enforcement of rights concerning which there might otherwise be no difficulty. Thus, where, during the unnecessary delay, interests of innocent third persons have attached, or the party against whom relief is asked has, in reliance upon the existing situation, so changed his position that if existing conditions were removed, he would suffer injury, the delay will be characterized as laches. But in the absence of such circumstances, the party is not chargeable with laches because of his mere delay in seeking relief against the judgment. It has been held that a party may not be denied relief from a void judgment, on the ground of laches, where there has been no attempt to enforce it, because, until then, the complainant in equity has no occasion to act."

Laches is an equitable doctrine. Though it should ordinarily not be a defense to a motion to open a judgment that is utterly void, there may be unusual circumstances, as noted in text quoted above, where it would be inequitable not to apply the doctrine.

With this caveat, we affirm the Court of Appeals, and we reverse the judgment of the district court and remand the case to that court for further proceedings.