NOT DESIGNATED FOR PUBLICATION

No. 117,486

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ST. JOHN HOSPITAL,
*Appellee*,

v.

ELVINA JUAREZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; MICHAEL D. GIBBENS, judge. Opinion filed February 23, 2018. Affirmed.

*Matthew J. Donnelly*, of Petefish, Immel, Hird, Johnson, Leibold, & Sloan, L.L.P., of Lawrence, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM: To initiate an action to collect a debt, the creditor must obtain service of process on the debtor. Kansas law outlines how service can be obtained on someone who resides out of state. It can be made by mail, with return receipt delivery, or other personal delivery service with a receipt showing when, where, and to whom it was delivered. K.S.A. 2009 Supp. 60-308(d).

St. John Hospital (Hospital), a creditor, served a summons and petition on Elvina Juarez, a debtor, through certified mail in an attempt to collect an unpaid debt. When

1

Juarez did not appear in court, a default judgment was entered against her. When Hospital attempted to collect the debt through garnishment, Juarez moved to set aside the default judgment as void based on faulty service of process. She appeals the denial of that motion. Because we find that there was substantial competent evidence to show that Juarez received a copy of the summons and petition in July 2009, the decision of the district court is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Hospital filed a petition under the Code for Civil Procedure for Limited Actions in June 2009 alleging that Juarez owed Hospital money. See K.S.A. 61-2801 et seq. Hospital filed a praecipe for service of summons, requesting service at Juarez' last known address in Grand Island, Nebraska. A summons was issued addressed to Juarez with a return of service on the bottom.

The return of service indicates that it was served, with an explanation on the form of "PSC 7/18/09." The return of service is signed Holly Crawford, with a date stamp of July 23, 2009. The return of service was filed with the court on July 28, 2009. It was signed by Crawford, an employee of the law firm representing Hospital in collecting the debt.

Default judgment was entered against Juarez in August 2009. Several years later, Hospital filed a request for wage garnishment against Juarez which the district court granted. Apparently, upon receiving notice of the garnishment, Juarez sent a letter to the court alleging that she had not received notice about the case in 2009. She subsequently retained counsel and formally moved to vacate the judgment and quash the wage garnishment. She asserted that she was not properly served and therefore the district court had not obtained personal jurisdiction over her and the judgment was void. She included

2

an affidavit stating that she did not receive a copy of the summons or petition in 2009 and did not learn of it until her employer received the order of garnishment.

Hospital filed an amended return of service which stated in pertinent part:

"[O]n the 16th day of July, 2009 a copy of the summons and petition was mailed by USPS certified mail to Elvina Juarez at 3116 East Seeding Mile R, Grand Island, NE 68801.

"Further, that on the 18th day of July, 2009 the certified mail was signed for by Elvina Juarez. A copy of the green card and receipt from the USPS is attached."

The USPS green signature card is addressed to Juarez, has a signature, and the printed name below the signature is "Elvina Juarez." The date of delivery is July 18, 2009.

At the hearing on Juarez' motion, the judge indicated that the original USPS green signature card was in the court's paper file, showing that it was filed July 28, 2009.

Nevertheless, Hospital called April Winter, an employee for H. Kent Hollins, Attorney at Law, P.A., to testify. Hollins was the attorney that represented Hospital in the limited actions proceeding and supervised the office. Winter testified that Crawford was an employee of Hollins in July 2009. Winter explained that PSC stands for "Personal Service by Certified Mail" and that those are the initials commonly used in Hollins' office. Winter also explained that the amended return of service was filed because she believed that the court file did not contain the USPS green signature card because it did not appear in the electronic version. Winter stated that she believed, based on Hollins' usual office practice and the electronic file in the office, a copy of the summons, completed written return of service, petition, and the USPS green signature card and receipt were submitted to the court in 2009. Winter further testified that she believed Holly Crawford was an authorized process server. Hollins testified providing substantially the same information.

3

Juarez testified that she did not receive a summons on July 18, 2009. She testified that she did not sign the USPS green signature card. But she confirmed that on July 18, 2009, she did live with members of her family at the address where Hospital alleges to have served her.

After the hearing, Juarez filed a memorandum which made similar arguments to those made before this court. Juarez also asserted that the "Leavenworth District Court Clerk's Office . . . was unable to find any order showing that Holly Crawford was authorized as a process server in 2009."

In a written decision the district court denied Juarez' motion. The court did not find Juarez' claim that she did not receive and sign the certified mailing credible. The court further found that Juarez was not prejudiced by allowing Hospital to file an amended return of service. Finally, the court found that an attorney may delegate the task of service of process to a layperson who then performs the task as an agent of the attorney.

ANALYSIS

*The district court did not err in denying Juarez' motion to vacate the default judgment.*

Juarez argues that the district court lacked personal jurisdiction because service was not completed properly under the statute, that Hospital "provided no proof that a copy of the process and petition were placed in the sealed envelope," and that Juarez had no knowledge of the lawsuit. Additionally, Juarez argues that service was ineffective because Crawford was not an authorized process server at the time service was allegedly made. In other words, she contends that the default judgment is void because there was no personal service.

4

*Standard of Review*

K.S.A. 2016 Supp. 60-260(b)(4) allows a district court to relieve a party from a final judgment if the judgment is void. When a judgment is attacked as void the district court has no discretion to exercise, either the judgment is valid or it is void. Appellate courts apply a de novo standard of review once a district court has made the necessary findings of fact. *In re Adoption of A.A.T.*, 287 Kan. 590, 598-99, 196 P.3d 1180 (2008).

The underlying facts that address whether the judgment is void are reviewed under a substantial competent evidence standard. 287 Kan. at 599. "Substantial competent evidence is 'evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved.'" *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 73-74, 350 P.3d 1071 (2015).

*Relevant Statutes*

An action is commenced in a limited actions case, as in others, by filing a petition and serving it on the defendant. K.S.A. 61-2902. "Personal jurisdiction may only be acquired by issuance and service of process as prescribed by statute or by voluntary appearance." *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 92-93, 106 P.3d 492 (2005). "The failure to properly serve parties in interest deprives the court of personal jurisdiction of the unserved parties." *Ford v. Willits*, 9 Kan. App. 2d 735, Syl. ¶ 4, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985). "A judgment is void if the court that rendered it lacked jurisdiction of the parties." 9 Kan. App. 2d 735, Syl. ¶ 5.

Under K.S.A. 2009 Supp. 61-3003(a) service of process made outside Kansas "shall be made in substantial compliance with the applicable provisions of K.S.A. 60-

308." K.S.A. 2009 Supp. 60-308(a)(2)(B), which was in effect at the time service was made on the original petition, allowed service of process to be made by

"sending a copy of the process and of the petition or other document to the person to be served in the manner provided in subsection (d). No order of a court is required. An affidavit, or any other competent proofs, of the server shall be filed stating the time, manner and place of service."

In pertinent part, K.S.A. 2009 Supp. 60-308(d) states:

"*Service by return receipt delivery.* (1) Service of any out-of-state process by return receipt delivery shall include service effected by certified mail, . . . to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery. (2) The party or party's attorney shall cause a copy of the process and petition or other document to be placed in a sealed envelope addressed to the person to be served in accordance with K.S.A. 60-304, and amendments thereto, with postage or other delivery fees prepaid, and the sealed envelope placed in the custody of the person or entity effecting delivery. (3) Service of process shall be considered obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope. (4) After service and return of the return receipt, the party or party's attorney shall execute a return on service stating the nature of the process, to whom delivered, the date, the address where delivered and the person or entity effecting delivery. The original return of service shall be filed with the clerk, along with a copy of the return receipt evidencing such delivery."

*Substantial competent evidence existed to support a finding that service of process was effective and that Juarez received the summons and petition.*

The original return of service indicates that the method of service was "PSC" on July 18, 2009. Testimony at the hearing indicated that "PSC" means "Personal Service by Certified Mail." The original USPS green signature card was located in the district court's paper file at the hearing, although the parties did not realize it was in the court file until

6

the hearing. A copy apparently had not made it in to the court's electronic file. The signature card was identical to a copy of it that Hospital had subsequently filed with the court as an amended return of service. It contained all information required by the statute, including to whom it was delivered and the address to which it was delivered.

At the evidentiary hearing on Juarez' motion to vacate the default judgment, Winter testified that she believed the summons and petition were served properly based on her review of H. Kent Hollins' electronic file. Winter also testified that her office created the amended return of service because H. Kent Hollins' electronic file showed it to be complete, but the Leavenworth County electronic filing did not contain the complete return. She testified that she supervised Crawford's work at the time and would have personally verified that everything complied with office protocol for service. Hollins also testified to office protocol and that the office was familiar with Juarez' signature.

Juarez in turn testified that she did not receive the summons and petition in July 2009. However, the district court did not find Juarez' testimony credible. The district court is in the best position to judge the facts presented to it, and there is substantial competent evidence to support the district court's findings. See *In re Adoption of A.A.T.*, 287 Kan. at 599. Certified mail was sent to Juarez, and it was signed on July 18, 2009. The address on the mail is the same address that Juarez testified she lived at in July 2009. While the signature on the USPS green signature card is difficult to read, the printed name underneath clearly reads "Elvina Juarez." Further, the district court had the original USPS green signature card in the court's file, regardless of what the Leavenworth County electronic filing system contained. Hollins' amended return of service also stated that within the certified mail was a copy of the summons and petition.

There was substantial competent evidence to show that Juarez received a copy of the summons and petition in July 2009.

7

*Service of process was not defective based upon the process server.*

Juarez argues that Crawford was not an authorized process server in 2009 and therefore service of process was ineffective. Juarez' argument relies on K.S.A. 2009 Supp. 60-308(a)(2)(A), but this reliance is misplaced.

K.S.A. 2009 Supp. 60-308(a)(2) states:

> "The service of process shall be made (A) in the same manner as service within this state, by any officer authorized to make service of process in this state or in the state where the defendant is served or (B) by sending a copy of the process and of the petition or other document to the person to be served in the manner provided in subsection (d). No order of a court is required."

K.S.A. 2009 Supp. 60-308(d)(2) states: "[t]he party or party's attorney shall cause a copy of the process and petition or other document to be placed in a sealed envelope addressed to the person to be served."

K.S.A. 2009 Supp. 60-308(a)(2)(B) allows service of process to be made through the mail. K.S.A. 2009 Supp. 60-308(a)(2)(B) and (d) do not require a process server to place the process and petition in the envelope. Instead, the party or party's attorney "shall cause" the process and petition or other document to be placed in the envelope. K.S.A. 2009 Supp. 60-308(d)(2). Based on the evidence presented it appears that is exactly what happened here. Hospital retained Hollins in an attempt to collect a debt from Juarez. Hollins' employee used certified mail to effectuate service of process on Juarez. Hollins, through his employee, caused the summons and petition to be placed in the envelope that was sent to Juarez, completing what was required by K.S.A. 2009 Supp. 60-308(a)(2)(B) and (d)(2).

8

Because substantial evidence supports the district court judge's finding that the summons and petition were sent to Juarez as required by K.S.A. 2009 Supp. 60-308(a)(2)(B), Crawford's status as a process server is immaterial.

*The district court did not err in allowing Hollins to file an amended return of service.*

Juarez argues that the district court abused its discretion by allowing Hollins to file an amended return of service. Juarez' argument essentially relies on this court finding that she did not have notice of the lawsuit which caused her to be materially prejudiced by the amended return of service.

*Standard of Review*

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *Wiles*, 302 Kan. at 74.

*Analysis*

The limited actions provision governing this case, K.S.A. 61-3005(e), allows a judge, within his or her discretion, to "allow any process, return or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process was issued." There does not appear to be caselaw in Kansas regarding this particular provision. But we can look to caselaw related to a substantially similar provision contained in the Code of Civil Procedure, K.S.A. 60-313, for guidance.

Like K.S.A. 61-3005(e), K.S.A. 60-313 allows a court to amend a return or proof of service "unless it clearly appears that material prejudice would result to the substantial

rights of the party against whom the process issued." The Kansas Supreme Court considered this provision in *State v. Jones*, 226 Kan. 503, 601 P.2d 1135 (1979). In *Jones*, a witness was subpoenaed to testify at trial but the witness forgot and did not appear to testify. Jones' attorney did not meet all of the statutory requirements when he served the witness the subpoena because he failed to file an affidavit of service. The Kansas Supreme Court found that under K.S.A. 60-313 an amendment to correct technical defects in paperwork is allowable when process has been properly served and material prejudice does not result. 226 Kan. at 507-08.

The district court judge considered the *Jones* decision as well as this court's decision in *Ebert v. Fender*, No. 99,222, 2008 WL 4710683, at *3 (Kan. App. 2008) (unpublished opinion), in reaching his decision. In *Ebert*, this court found that a return of service was defective when it did not contain the "time, place, and manner of service, as well as [a signature of] the officer effecting service." 2008 WL 4710683, at *3. But unlike the present case, in *Ebert* there was no amended return of service filed, nor was there any testimony that supported that the party was served.

It is clear to us that the district court judge did not abuse his discretion in allowing Hospital to file an amended return of service. Similar to *Jones*, the statutory requirements set out in K.S.A. 2009 Supp. 60-308(d)(4) were met through Hollins' amended return of service. See *Jones*, 226 Kan. at 507. Additionally, it should be reiterated that the district court had a copy of the USPS green signature card in its paper file. Like in *Jones*, the service itself was proper, and an affidavit was necessary to correct mere technical defects. Accordingly, Juarez was not materially prejudiced. She had notice of the lawsuit. See 226 Kan. at 507-08.

Affirmed.