NOT DESIGNATED FOR PUBLICATION

No. 123,569

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

WILLIAM C. MURPHY,
*Appellant*,

and

DELIA G. MURPHY,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed December 23, 2021.
Affirmed.

*William A. Vickery*, of Wichita, for appellant.

*Jeffrey N. Lowe* and *Kelley N. Reynolds*, of Penner Lowe Law Group, LLC, of Wichita, for
appellee.

Before GARDNER, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: William C. Murphy timely appeals from the district court's denial
of his motion for relief from judgment, seeking to terminate maintenance payments to his
ex-wife, Delia G. Murphy. William asserts the district court's maintenance order is a void
judgment, which can be challenged at any time. Upon our extensive review of the record,
we find the district court's maintenance order reflected the parties' oral property
settlement agreement and is not a void judgment. We affirm.

1

William and Delia married in Spain in 1972. They returned to the United States shortly thereafter and lived together in various locations for 14 years. In 1986, the couple separated. At the time, they were living in Wichita. Delia then returned to Spain with the parties' two minor children. Approximately one month later, William informed Delia he intended to file for divorce, and the parties began negotiating how they would divide their property.

William petitioned for divorce in the Sedgwick County District Court in July 1986. William was not represented by an attorney in the divorce proceedings but personally appeared and prepared all relevant documents, including the divorce petition and the journal entry and decree of divorce. Relevant to the issues on appeal, the divorce decree included an order for maintenance, providing, in pertinent part:

> "[William] shall pay to [Delia] as alimony for her maintenance and support a monthly payment . . . of Three Thousand Three Hundred and no/100 Dollars ($3,300.00). In addition, [William] shall pay to [Delia] as alimony . . . an annual payment of Sixteen Thousand Six Hundred Sixty-six and no/100 Dollars ($16,666.00) commencing July 1, 1987, and payable each July 1 for a period of six (6) years ending July 1, 1993. Both the monthly payment of $3,300.00 and the annual payment of $16,666.00 shall terminate upon the death of either [William] or [Delia]. In addition, the monthly payment of $3,300.00 shall terminate upon the remarriage of [Delia] or in the event that she commences cohabitation with another man."

William made monthly payments to Delia in full until July 2011. In March 2001, he filed a motion for relief from judgment, arguing monthly maintenance payments should be terminated because, at the time of divorce, the district court only had authority to award maintenance for 121 months under K.S.A. 1986 Supp. 60-1610(b)(2). However, William voluntarily dismissed his motion in October 2001 before the district court could

rule on it. William continued making monthly payments until sometime in 2011 when, on his own initiative, he began reducing the amount of each monthly maintenance payment.

In September 2020, William filed his current motion for relief from judgment, again arguing the district court lacked subject matter jurisdiction and only had authority to award maintenance for 121 months under K.S.A. 1986 Supp. 60-1610(b)(2). Prior to the district court holding a hearing on William's motion, the parties entered a stipulation of facts, providing:

- William drafted the journal entry and decree of divorce;
- William knowingly and understandingly signed the journal entry free from fraud, duress, or coercion;
- Without the assistance of counsel, the parties negotiated and entered into an oral property settlement agreement during the pendency of the divorce proceedings, which included monthly maintenance payments until the death of either party; and
- The provision for maintenance in the divorce decree accurately reflected the parties' agreement.

At the hearing on William's motion, both parties were represented by counsel. After considering the evidence presented and the parties' arguments, the district court denied William's motion, concluding the maintenance order in the divorce decree was not void for lack of subject matter jurisdiction. The district court held, even though the divorce decree did not mention the parties' agreement, their stipulations established an oral agreement existed and the decree accurately reflected the agreement. The district court concluded there was no flaw in the divorce decree rendering the maintenance order unenforceable because it was undisputed the parties did, in fact, agree to a term of maintenance in excess of 121 months.

Additional facts are set forth as necessary herein.

ANALYSIS

*Standards of Review*

To varying extents, the issues on appeal raise questions of contract interpretation, jurisdiction, statutory interpretation, and whether the district court's judgment was void. An appellate court exercises unlimited review over the interpretation and legal effect of written instruments and is not bound by the lower court's interpretations or rulings. *Born v. Born*, 304 Kan. 542, 554, 374 P.3d 624 (2016). Whether jurisdiction exists is a question of law subject to unlimited review. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). Statutory interpretation also presents a question of law over which appellate courts have unlimited review. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). "Whether a judgment is void for lack of jurisdiction is a question of law over which an appellate court's review is unlimited. [Citation omitted.]" *Miller v. Glacier Development Co.*, 293 Kan. 665, 669, 270 P.3d 1065 (2011).

*Discussion*

William argues the district court's order is void for lack of subject matter jurisdiction because there was a 121-month limit on maintenance awards under K.S.A. 1986 Supp. 60-1610(b)(2), the version in effect at the time of divorce. In relevant part, K.S.A. 1986 Supp. 60-1610(b)(2) provided:

"The decree may award to either party an allowance for future support denominated as maintenance, in an amount the court finds to be fair, just and equitable under all of the circumstances. The decree may make the future payments modifiable or

4

terminable under circumstances prescribed in the decree. In any event, the court may not award maintenance for a period of time in excess of 121 months."

However, William acknowledges an exception allowing for a longer period of maintenance exists if the parties entered into a separation agreement based on the language of K.S.A. 1986 Supp. 60-1610(b)(3), which stated:

"If the parties have entered into a separation agreement which the court finds to be valid, just and equitable, the agreement shall be incorporated in the decree. The provisions of the agreement on all matters settled by it shall be confirmed in the decree except that any provisions for the custody, support or education of the minor children shall be subject to the control of the court in accordance with all other provisions of this article. Matters settled by an agreement incorporated in the decree, other than matters pertaining to the custody, support or education of the minor children, shall not be subject to subsequent modification by the court except: (A) As prescribed by the agreement or (B) as subsequently consented to by the parties."

Nevertheless, William further argues no separation or property settlement agreement was incorporated into the divorce decree. Therefore, he asserts, even if the district court may have had jurisdiction, it could not enter an order for maintenance longer than 121 months in favor of Delia based on the wording, or lack of wording, in the journal entry. The fundamental problem with William's arguments is he is seeking to disturb a judgment that is more than 34 years old. We find the record reflects William's request for relief fails because:

- The district court's judgment was not void;
- William did not timely seek relief from the judgment; and
- the parties' stipulations before the district court acknowledged they both orally agreed to the extended period of maintenance prior to William drafting and signing the journal entry.

5

We will expand on each issue separately below.

*The maintenance order in the divorce decree is not a void judgment.*

William sought relief from judgment, citing K.S.A. 2020 Supp. 60-260(b)(4), asserting the divorce decree was a void judgment. Kansas appellate courts have taken a narrow view of whether a judgment is void. "'[A] judgment is not void merely because it is erroneous or because some irregularity inhered in its rendition. It is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties or if the court acted in a manner inconsistent with due process.' *Automatic Feeder Co. v. Tobey*, 221 Kan. 17, 21, 558 P.2d 101 (1976)." *Producers Equipment Sales, Inc. v. Thomason*, 15 Kan. App. 2d 393, 397, 808 P.2d 881 (1991); *Ford v. Willits*, 9 Kan. App. 2d 735, 743-44, 688 P.2d 1230 (1984) (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2862, pp. 198-200 [1973]). Neither of those circumstances apply here.

William makes no colorable argument the judgment was obtained in violation of due process, nor does he argue the district court lacked jurisdiction over the parties. Even if William had made these arguments, his claims would fail. The parties' factual stipulations and the parties' stipulations to the accuracy of the journal entry establish William was aware of the pending divorce proceedings; he prepared all relevant documents filed in 1986, including the journal entry and decree of divorce; and he signed the journal entry free from duress or coercion. William's petition for divorce and the divorce decree established William resided in Sedgwick County at the time of the divorce; the parties owned, as marital property, residential real estate in Sedgwick County; and the parties' minor children most recently resided in Sedgwick County prior to William filing for divorce. And Delia received notice and acknowledged the district court's jurisdiction to resolve the pending divorce by filing an answer to William's petition for divorce.

William generally argues the district court lacked subject matter jurisdiction to enter the maintenance order. However, subject matter jurisdiction is the power of a court or agency to hear and decide a case. *Grajeda v. Aramark Corp.*, 35 Kan. App. 2d 598, 603, 132 P.3d 966 (2006). William fails to establish the district court lacked authority to hear and decide the divorce case.

William argues the district court lacked authority to enter a maintenance order for a period in excess of 121 months based on the language of K.S.A. 1986 Supp. 60-1610(b)(2). But this does not show the district court lacked subject matter jurisdiction to enter an order for maintenance, generally. And given the exception under K.S.A. 1986 Supp. 60-1610(b)(3), the district court did not, as an absolute matter, lack subject matter jurisdiction to enter an order for maintenance in excess of 121 months. William's argument is problematic insofar as he is asking us to interpret K.S.A. 1986 Supp. 60-1610(b)(2) in isolation, which is contrary to well-established principles of statutory construction. See *Miller v. Board of Wabaunsee County Comm'rs*, 305 Kan. 1056, 1066, 390 P.3d 504 (2017).

Here, William is really challenging whether the order sufficiently complied with the applicable statute, not whether the district court had subject matter jurisdiction to enter the order. There is a meaningful distinction between a voidable judgment and a void judgment. See *Dunn v. City of Emporia*, 7 Kan. App. 2d 445, 452, 643 P.2d 1137 (1982); see also *Thomason*, 15 Kan. App. 2d at 400, 402 ("'A judgment in a default case that awards relief that either is more than or different in kind from that requested originally is null and void.' . . . The failure to comply with [Supreme Court rules] renders a default judgment voidable.").

William relies heavily on *In re Marriage of Cline*, 17 Kan. App. 2d 230, 234, 840 P.2d 1198 (1992), wherein another panel of this court held the district court lacked subject matter jurisdiction to enter an order for maintenance in excess of 121 months. But

specific to its holding, the *Cline* panel noted: "There is no evidence that the original divorce decree incorporated any oral or written settlement agreement between the parties." 17 Kan. App. 2d at 231. Further, *Cline* is procedurally distinguishable because a default judgment was obtained ordering the respondent to pay maintenance to the petitioner. The respondent was not present at the hearing on the divorce petition and was not represented by counsel.

Here, Delia filed an answer in response to William's petition for divorce. William then negotiated an oral property settlement agreement with Delia, attended the hearing on his petition, presented evidence in support thereof, and drafted and signed the journal entry and decree of divorce reflecting the oral property settlement agreement. William also stipulated:

> "During the pendency of the parties' divorce and while negotiating settlement terms the parties to this matter reached an [oral] agreement amongst themselves which provided in pertinent part for [William] to pay [Delia] spousal maintenance in the amount of $3,300 each and every month until either of the parties' death."

Granted, the district court's journal entry and divorce decree does not reference a settlement agreement. But the decree stated, in relevant part:

> "[T]he Court, after examining the file herein, hearing the evidence . . . , and being duly advised in the premises, finds . . . there should be an equitable division of the property; that an order should be made in regard to . . . alimony.
> "THEREUPON, [William] presents evidence in support of his Petition and rests."

William attended the hearing on his divorce petition and presented evidence on his own behalf. William stipulated to the parties' agreement regarding maintenance, the accuracy of the journal entry, and the fact he prepared it and signed it understandingly and voluntarily free from fraud or coercion. The district court considered the evidence

and was duly advised of the relevant facts when it signed the divorce decree granting maintenance to Delia. William was well aware of the parties' oral agreement regarding maintenance at the time he prepared and signed the journal entry. We find, under the facts of this case, he is not entitled to disavow an oral settlement agreement he explicitly acknowledges merely because he failed to include it in a journal entry he personally prepared. See *Wood River Pipeline Co. v. Willbros Energy Services Co.*, 241 Kan. 580, 586, 738 P.2d 866 (1987) ("[D]oubtful language in a contract is construed most strongly against the party preparing the instrument or employing the words concerning which doubt arises.").

Additionally, the record reflects William honored the oral agreement by consistently making payments under the order for nearly 15 years before making any attempt to challenge the maintenance order. In March 2001, he filed a motion to terminate maintenance but voluntarily withdrew the motion before the district court could rule on it. William thereafter continued making payments, in full or in part, until at least July 2020. In September 2020, Delia sought garnishment to satisfy the arrearage resulting from William unilaterally reducing monthly payments beginning in July 2011. In October 2020, William signed an agreed order to revive any dormant judgment resulting from missed or partial payments between October 2013 and September 2015. In other words, William acknowledged he had a legal obligation to comply with the maintenance order at least as recently as September 2015—nearly 30 years after the district court entered the divorce decree. In addition to the parties' stipulations, we find a maintenance agreement existed from the parties' course of conduct. See *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273, 50 P.3d 495 (2002) (parties can "become contractually obligated by their conduct"); *Rice v. Rice*, 219 Kan. 569, 572, 549 P.2d 555 (1976) (approvingly quoting trial court's finding property settlement agreement could be "'implied from the conduct of the parties'").

Here, William stipulated there was an oral agreement between the parties, specifically agreeing to the exact terms set forth in the maintenance order of the divorce decree. We find, unlike *Cline*, the record here establishes the existence of an agreement—orally and/or by the parties' course of conduct—which would allow the district court to enter an order for maintenance in excess of 121 months. Even though the divorce decree should have stated the parties agreed to extended maintenance under a separation or property settlement agreement, the failure to do so does not render the maintenance order void. See *Rice*, 219 Kan. at 573-74 (finding valid oral agreement for maintenance enforceable under divorce decree); *In re Marriage of Johnson*, No. 89,915, 2003 WL 22990188, at *4 (Kan. App. 2003) (unpublished opinion) (district court's failure to find terms of parties' property settlement agreement fair, just, and equitable was more than mere technical failure but did not render judgment void).

Contrary to William's arguments, *Cline* does not appear to suggest a trial court absolutely lacks subject matter jurisdiction to enter a maintenance order in excess of 121 months. See 17 Kan. App. 2d at 231, 234. But even assuming the *Cline* panel so held, we decline to reach the same conclusion under the facts in this case where the parties specifically agreed through an oral agreement to provide Delia monthly maintenance until the death of either party. See *State v. Fleming*, 308 Kan. 689, 706, 423 P.3d 506 (2018) (one Court of Appeals panel free to disagree with another panel).

We find the district court had subject matter jurisdiction to award maintenance in excess of 121 months under K.S.A. 1986 Supp. 60-1610(b)(3), which creates an exception to the 121-month limit under subsection (b)(2). Thus, in any given case, the propriety of a district court's order turns on (1) the existence of an agreement and (2) incorporation of the agreement into the decree. These raise questions of the sufficiency of the factual basis for the judgment and the adequacy of its memorialization in the journal entry. They do not, however, present a question as to the district court's power or authority to hear and decide the matter. See *In re Marriage of Johnson*, 2003 WL

10

22990188, at *4. Therefore, we find William has not established the district court's maintenance order in the divorce decree was void for lack of subject matter jurisdiction. See *Grajeda*, 35 Kan. App. 2d at 603.

*William failed to seek relief from judgment within a reasonable time.*

Delia argues William's request for relief from judgment was untimely. Although a void judgment can be challenged at any time, *In re Marriage of Johnson*, 2003 WL 22990188, at *4, we have determined the maintenance order in the divorce decree is not a void judgment. Thus, to obtain relief from judgment, William needed to file his motion "within a reasonable time, and for reasons under paragraphs (b)(1), (2) and (3) [of K.S.A. 60-260] no more than one year after the entry of the judgment or order, or the date of the proceeding." K.S.A. 2020 Supp. 60-260(c)(1).

William did not challenge the order under the grounds specified in K.S.A. 2020 Supp. 60-260(b)(1), (2), or (3); however, the fact he sought relief more than one year after the order was entered is not necessarily fatal to his claim. William still needed to file his motion "within a reasonable time" under K.S.A. 2020 Supp. 60-260(c)(1) and establish he was entitled to relief because "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or . . . any other reason that justifies relief." K.S.A. 2020 Supp. 60-260(b)(5)-(6).

Here, the judgment has not been satisfied, released, or discharged, and no prior orders have been reversed or vacated. To some degree, William now asserts applying the order prospectively is no longer equitable, and he necessarily argues there are other reasons which he believes justify relief. But William is not entitled to relief under K.S.A. 2020 Supp. 60-260(b)(5) or (6) if he did not seek it "within a reasonable time." K.S.A. 2020 Supp. 60-260(c)(1).

11

In her brief, Delia persuasively relies on *Wilson v. Wilson*, 16 Kan. App. 2d 651, 659, 827 P.2d 788 (1992), which held: "The reasonable time frame is measured by determining when the movant came into possession of facts justifying the relief as compared to the time when he filed the motion seeking the relief." Delia further persuasively cites to *In re Marriage of Martin*, No. 109,700, 2014 WL 113472, at *4 (Kan. App. 2014) (unpublished opinion), where another panel of our court held a six-year delay in challenging the validity of a divorce decree was unreasonable.

William made no effort to challenge the maintenance order for nearly 15 years. In 2001, he filed a motion to terminate maintenance on the same grounds as his current claim but voluntarily withdrew the motion. He then continued making payments, in whole or in part, for nearly 20 years thereafter. William was clearly aware of the grounds he now asserts for relief at least as early 2001—over 20 years ago.

Under these specific facts, we find William's motion—filed approximately 34 years after the divorce decree was entered—was not filed "within a reasonable time." See K.S.A. 2020 Supp. 60-260(c)(1). Even if we consider the motion timely, William has not established his entitlement to relief. As previously explained, William stipulated to negotiating the maintenance payments until the death of either party as part of the parties' oral property settlement agreement. We find William's failure to include in the journal entry he prepared the fact there was an oral agreement between the parties for Delia to be provided monthly maintenance for the life of either party—a fact he now explicitly acknowledges—does not constitute "any . . . reason that justifies relief," K.S.A. 2020 Supp. 60-260(b)(6), or show "applying [the maintenance order] prospectively is no longer equitable." K.S.A. 2020 Supp. 60-260(b)(5).

Affirmed.