NOT DESIGNATED FOR PUBLICATION

No. 124,345

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES AUBREY VAUGHAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed August 5, 2022. Affirmed.

*Richard P. Klein*, of Lenexa, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: James Vaughan pled guilty to his seventh driving under the influence (DUI) offense and as part of his sentence, the district court ordered him to pay the statutorily mandated $2,500 fine. Ten years later, Vaughan filed a motion to correct illegal sentence and argued that when the district court imposed his fine, it neglected to consider either his ability to pay or whether community service presented a viable alternative to the financial obligation. The district court found that Vaughan's claim was barred by res judicata and summarily denied his motion. Vaughan timely brings the

1

matter before us to determine whether denial of his motion was appropriate. Following a thorough review of the matter, we conclude the motion was properly denied.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2009, the State charged James Vaughan with driving under the influence (DUI), driving with a suspended license, and refusal to submit to a preliminary breath test. Vaughan pled guilty to DUI and because it was his seventh such offense, the district court sentenced him to 12 months in jail followed by 12 months of postrelease supervision and ordered him to pay a $2,500 fine as required by statute. The court ordered Vaughan to serve his sentence consecutively to the 12-month sentence imposed in an unrelated case.

Vaughan completed his 12-month jail term for this case in August 2011, but his fine and other fees remained outstanding, so the court transferred the judgment to debt collection. In 2018—over seven years after sentencing—Vaughan filed two motions to dismiss the fines, costs, and fees. The district court denied both motions as well as Vaughan's motion for reconsideration of those denials.

*First appeal*

Vaughan appealed the denial of his motions to this court and argued that the judgment for fines and fees was dormant. He also asserted that the district court erred by not considering whether he should be able to satisfy his fine by way of community service in accordance with K.S.A. 21-4607(3) and K.S.A. 2009 Supp. 8-1567(j). The panel reversed in part because the district court failed to determine whether Vaughan's funds from a life insurance payout were exempt from garnishment. *State v. Vaughan*, No. 120,432, 2019 WL 11868561, at *1, 5 (Kan. App. 2019) (unpublished opinion). However, it rejected his challenge to the manner in which the fine was imposed for three

2

reasons. First, it observed that Vaughan could not attack his underlying judgment through a garnishment proceeding unless he established the judgment was void, which he did not. Second, Vaughan did not raise noncompliance with the two statutes in his initial filings with the district court. Finally, the record was insufficient to show whether the district court considered Vaughan's financial resources, the burden of the fine, or the option for community service at sentencing. *Vaughan*, 2019 WL 11868561, at *2-3. Our Supreme Court declined to grant Vaughan's petition for review.

*Motion to correct illegal sentence*

In October 2020, Vaughan filed a motion pursuant to K.S.A. 2020 Supp. 22-3504 and argued that his sentence was illegal because the sentencing court failed to establish a payment plan for his fines, costs, and fees, or allow him to perform community service in lieu of financial disbursements. He asserted that the resulting sentence did not conform with K.S.A. 2009 Supp. 8-1567(i) and (j) and K.S.A. 2020 Supp. 21-6604(a)(2) and (j), thus his fines, costs, and fees should be vacated, and he relied on *State v. Roberts*, 57 Kan. App. 2d 836, 461 P.3d 77 (2020), in support of this contention. In that case a panel of this court held that the district court must establish a payment plan for restitution at sentencing. 57 Kan. App. 2d at 845. Vaughan argued that *Roberts* applied even though the financial obligations imposed in his case consisted of fines, court costs, and fees, as opposed to restitution.

The district court concluded that Vaughan's claims were barred by the doctrine of res judicata because he previously requested correction of his sentence. According to the court, Vaughan's most recent filing was simply an attempt to obtain another "bite at the apple":

> "The causes of action in each of [Vaughan's] motions and appeals are identical.
> [Vaughan] could have raised a specific 22-3504 claim in any of his previous post-trial
> motions. [Vaughan] received a final judgment on the merits with respect to each motion

3

. . . . This Court will not permit [Vaughan] to use a new legal theory to breathe new life into the issue of correcting an illegal sentence previously addressed and adversely determined."

As for Vaughan's argument that *Roberts* required the court to establish a payment plan, the district court observed that the Kansas Supreme Court summarily vacated the *Roberts* opinion following the amendment to K.S.A. 21-6604 which stated that restitution is due immediately unless the district court orders a payment plan. It further noted that because the statutory amendments were procedural and therefore applied retroactively, it was of no benefit to Vaughan to characterize his fine as analogous to restitution.

Vaughan timely appeals the denial of his motion to correct an illegal sentence. He requests that we find error occurred with the district court's failure to consider an alternate payment method when it ordered him to pay fines, fees, and court costs.

ANALYSIS

THE DISTRICT COURT DID NOT ERR IN SUMMARILY DENYING VAUGHAN'S MOTION

Whether a sentence is illegal is a question of law over which we exercise unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019). When a district court summarily denies a motion to correct illegal sentence, the appellate court applies a de novo standard of review because we enjoy the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

Vaughan asserts that resolution of his appeal requires us to consider two statutes in effect when he was sentenced in 2010—K.S.A. 2009 Supp. 8-1567(g) and (j) and K.S.A. 21-4607(3). The now repealed K.S.A. 21-4607(3) stated, "In determining the amount and

4

method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose."

K.S.A. 2009 Supp. 8-1567, the DUI statute, states as follows:

"(g)(1) On the fourth or subsequent conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined $2,500 . . . .

. . . .

"(j) In lieu of payment of a fine imposed pursuant to this section, the court may order that the person perform community service specified by the court. The person shall receive a credit on the fine imposed in an amount equal to $5 for each full hour spent by the person in the specified community service. The community service ordered by the court shall be required to be performed not later than one year after the fine is imposed or by an earlier date specified by the court. If by the required date the person performs an insufficient amount of community service to reduce to zero the portion of the fine required to be paid by the person, the remaining balance of the fine shall be due on that date."

We find it unnecessary to proceed down the analytical path proposed by Vaughan because we are not convinced the question before us is properly framed as an illegal sentence claim. A sentence is illegal under K.S.A. 2020 Supp. 22-3504 when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

Vaughan argues that his sentence is illegal because the order to pay a $2,500 fine does not conform to the applicable statutory provision—K.S.A. 2009 Supp. 8-1567(j)—in

the character of the punishment authorized. Vaughan says the statute required the district court to sentence him to pay a fine or perform community service if it was appropriate. He says that his sentence does not conform to the authorized statutory provision because the district court did not consider community service.

In support of his argument, Vaughan cites *State v. Copes*, 290 Kan. 209, 223, 224 P.3d 571 (2010), in which the Kansas Supreme Court held that the district court must consider a defendant's financial resources and the burden of the fine when considering the method of payment of a fine for a fourth or subsequent DUI offense. The *Copes* court explained that even though the $2,500 fine was mandatory, courts must still take a defendant's financial resources into consideration under K.S.A. 21-4607(3) because the community service option in K.S.A. 2009 Supp. 8-1567(j) creates an alternative method of payment. *Copes,* 290 Kan. at 222.

The State cites *State v. Grebe*, 46 Kan. App. 2d 741, 264 P.3d 511 (2011), a Court of Appeals case that distinguishes *Copes*. In *Grebe*, the district court failed to consider the option to pay mandatory DUI fines by community service. The panel found that the district court did not err because the community service option was clearly unavailable to Grebe. K.S.A. 2009 Supp. 8-1567(j) specifies that a defendant paying the DUI fee through community service must complete the community service no later than one year after the fine is imposed. Grebe had several convictions and was sentenced to spend several years in prison. *Grebe*, 46 Kan. App. 2d at 744-45.

The State argues that the district court did not err by not considering an alternative method of payment because community service was unavailable to Vaughan. Vaughan was sentenced to one year of jail to be served on work release after he finished a 12-month sentence in another case.

6

Neither authority is persuasive in our view, however, because neither *Copes* nor *Grebe* informs whether the challenge Vaughan brings before us truly involves an illegal sentence. Kansas courts have "repeatedly held that K.S.A. 22-3504(1) has very limited applicability." *Makthepharak v. State*, 298 Kan. 573, 581, 314 P.3d 876 (2013). Whether the district court diligently followed the steps of the relevant statutory framework when ordering Vaughan to pay the mandatory $2,500 fine presents a distinctly different question. Rather, Vaughan is complaining about a procedural omission committed by the district court when it imposed his otherwise lawful fine. Thus, resolution of Vaughan's complaint requires us to scrutinize the sentencing procedure utilized by the district court. That is, it does not truly contemplate a sentence imposed by a court without jurisdiction, one that does not conform to the applicable statutory provisions either in character or the term of punishment, or one that is ambiguous about the time and manner in which it is to be served. *Hambright*, 310 Kan. at 411. The more appropriate course of action would have been to pursue a direct appeal to challenge the district court's sentencing methods. Vaughan opted not to do so. He may not now cure that failure by cloaking the claim as one involving an illegal sentence.

Kansas courts have declined to find that similar sentencing procedure based challenges have a place among the exclusive criteria articulated in K.S.A. 22-3504(1). See *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016) (Warrior's motion to correct illegal sentence was not the appropriate mechanism to challenge the procedures used to impose her hard 50 life sentence); *State v. Lee*, 304 Kan. 416, 417-18, 372 P.3d 415 (2016). We will follow their lead. Vaughan's motion presented no meritorious argument demonstrating his sentence is illegal. Thus, we affirm the district court's summary denial of that motion, albeit for different reasons. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Finally, Vaughan also contends that his sentence is void because the district court's failure to consider community service as an alternate payment method violated his right

to due process. A judgment is void if the court that rendered it acted in a manner inconsistent with due process of law. *Ford v. Willits*, 9 Kan. App. 2d 735, 744, 688 P.2d 1230 (1984), *aff'd* 237 Kan. 13, 697 P.2d 834 (1985).

The basic elements of procedural due process are notice and an opportunity to be heard at a meaningful time and in a meaningful manner. In reviewing a procedural due process claim, the court first determines whether a protected liberty or property interest is involved. If so, the court then analyzes the nature and extent of the process which is due under the circumstances presented. *State v. N.R.,* 314 Kan. 98, 113, 495 P.3d 16 (2021).

Here, there is clearly a property interest involved because Vaughan was ordered to pay $2,500 and the State concedes that point. But the State also asserts that the basic elements of notice and an opportunity to be heard were met:

> "Defendant was given notice of the potential fines in K.S.A. 8-1567 . . . . The only remaining issue was whether Defendant had a due process right to the manner of payment: community service. Defendant was fully aware that K.S.A. 8-1567(j) did not apply if he did not complete his community service within a year of sentencing. He was, therefore, given notice of the opportunity and limitations of community service for the DUI fine."

Thus, Vaughan had notice that he could be ordered to pay his mandatory $2,500 fine outright instead of through community service and an opportunity at sentencing to request that he receive the alternative of community service. But he made no such request. Accordingly, Vaughan's contention that the district court violated his right to due process in this regard fails.

Affirmed.