(9 P.3d 1267)

No. 81,154

LINDA K. WILLIAMS, *Claimant/Appellant*, v. GENERAL ELECTRIC COMPANY, *Respondent/Appellee*, and ELECTRIC MUTUAL LIABILITY INSURANCE CO., *Insurance carrier/Appellee*.

—

Opinion filed December 10, 1999.

*James Roth* and *Steven L. Foulston*, of Wichita, for appellant.

*Douglas M. Greenwald* and *Clifford K. Stubbs*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before KNUDSON, P.J., ROBERT J. FLEMING, District Judge, assigned, and RICHARD M. SMITH, District Judge, assigned.

SMITH, J.: In this workers compensation appeal, Linda Williams claims the Workers Compensation Board (Board) erred in remanding to the administrative law judge (ALJ) for further factual findings. We dismiss this appeal for lack of jurisdiction.

A detailed account of the underlying substantive facts is not necessary for a consideration of this issue on appeal.

Linda Williams obtained an award from the ALJ on April 3, 1997. General Electric appealed that award. On April 17, 1998, the Board determined that Williams had not made a good faith effort to find suitable work and remanded the matter for a determination of Williams' imputed post-injury wage in light of *Cope-*

*land v. Johnson Group, Inc.*, 24 Kan. App. 2d 306, 944 P.2d 179 (1997). Williams appeals this remand to the ALJ.

Williams argues that, pursuant to K.S.A. 1998 Supp. 44-556, this court has jurisdiction to entertain an appeal of any action of the Board other than disposition of appeals of preliminary orders or awards under K.S.A. 1998 Supp. 44-534(a). General Electric responds that this matter should be dismissed for lack of jurisdiction since Williams had not exhausted all administrative remedies available.

K.S.A. 1998 Supp. 44-556(a) provides, in pertinent part:

"Any action of the board pursuant to the workers compensation act, other than the disposition of appeals of preliminary orders or awards under K.S.A. 44-534a and amendments thereto, shall be subject to review in accordance with the act for judicial review and civil enforcement of agency actions by appeal directly to the court of appeals."

The Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA), K.S.A. 77-601 *et seq.*, provides at K.S.A. 77-612: "A person may file a petition for judicial review under this act only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review."

The Board's order remanding the matter to the ALJ for a determination of imputed post-injury wage in light of *Copeland* represented an intermediate step towards resolution of all actual issues, not a final order. See K.S.A. 77-607. Under the KJRA, this court's jurisdiction is limited to final agency actions of the Board. Remand orders are not appealable in the absence of exceptional circumstances. *Holton Transport, Inc. v. Kansas Corporation Comm'n*, 10 Kan. App. 2d 12, Syl., 690 P.2d 399 (1984), *rev. denied* 236 Kan. 875 (1985). This case is not one of exceptional circumstances.

Appeal dismissed.