(132 P.3d 966)

No. 94,051

EVANGELINA GRAJEDA, *Appellee*, v. ARAMARK CORPORATION and BANKERS STANDARD INSURANCE, *Appellants*.

Opinion filed April 28, 2006.

*Matthew J. Schaefer, Vincent A. Burnett,* and *Richard J. Liby,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, for appellants.

*Kelly W. Johnston,* of The Johnston Law Offices, P.A., of Wichita, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

MALONE, J,: Aramark Corporation (Aramark) and Bankers Standard Insurance (Bankers) appeal the decision of the Workers Compensation Board (Board) to remand Evangelina Grajeda's lump sum settlement award to the administrative law judge (ALJ) for further consideration. Aramark and Bankers claim the Board lacked jurisdiction to review Grajeda's settlement award. They further claim that even if the Board had jurisdiction to consider Grajeda's appeal, the settlement hearing complied with the provisions of the Workers Compensation Act and the Board should have approved the settlement.

When this appeal was filed, this court issued an order directing the parties to show cause why this appeal should not be dismissed for lack of appellate jurisdiction because the agency proceedings

were not final. All parties responded to the show cause order and requested this court to retain jurisdiction of the appeal in light of the fact that the Board's jurisdiction to review the settlement award was being challenged. On May 12, 2005, this court entered an order to retain the appeal "for the purpose of reviewing whether the Board exceeded its statutory authority by accepting jurisdiction over the approved settlement."

We conclude the Board possessed statutory authority to review Grajeda's lump sum settlement award. However, the remainder of the appeal is dismissed because the Board's decision to remand the settlement award to the ALJ for further consideration is not ripe for judicial review.

## *Factual and procedural background*

Grajeda sought workers compensation benefits for injuring her upper back and left arm. Drs. C. Reiff Brown and Paul S. Stein concluded that she suffered a 5% whole body impairment based on the injury. Grajeda and her employer, Aramark, negotiated a one-time lump sum settlement of $5,000. Part of the settlement worksheet read:

"This is full and final settlement of all claims arising out of claimant's accident on 08/11/03 and each and every working day thereafter. This settlement is agreed by all parties to constitute a K.S.A. 44-531 complete and full redemption. Claimant waives formal notice of this hearing and believes it is in his/her best interest to receive this settlement in one lump sum."

On July 27, 2004, a settlement hearing was held before the ALJ. Grajeda was represented by counsel and assisted by an interpreter. The ALJ asked Grajeda several questions regarding her rights:

"[ALJ]: You have certain rights under the workers compensation laws that I am required to explain, the first of which is you understand that you do have a right to litigate this case, and you could go ahead and present evidence to a judge, who would then issue a decision which may give you more, may give you less than what is being offered today. Do you understand?
"[Grajeda]: Yes.
"[ALJ]: And you also understand that if a decision was issued and you weren't satisfied with that decision, you would have a right to file an appeal, understand?
"[Grajeda]: Yes.

"[ALJ]: And finally you understand that if a decision was issued and then if at some time in the future you felt your physical condition had materially changed and you could relate that change to this date of accident, you would have a right to go back to the judge who issued the previous decision, ask him to review it and perhaps modify it in your favor; do you understand?

"[Grajeda]: Yes.

"[ALJ]: To put it in simple language, they are offering you $5,000. If you accept that amount of money today that is all the money you will receive as a result of this injury and you cannot come back tomorrow or any time in the future and ask for more money, more medical treatment or any other benefits of any kind under the workers compensation laws as it pertains to this injury. Do you understand?

"[Grajeda]: Yes.

"[ALJ]: Knowing that you are giving up those rights, do you still wish to have this settlement approved?

"[Grajeda]: Yes."

The ALJ approved the settlement after reviewing the settlement worksheet and concluded that it was "fair, just and reasonable." At the settlement hearing, counsel for Aramark and Bankers presented a $5,000 settlement check to Grajeda's attorney. After the hearing, Grajeda obtained a new attorney and applied to have her lump sum settlement reviewed by the Board. As part of her application, Grajeda indicated that she had not negotiated the check given to her by Aramark and Bankers.

In her memorandum to the Board, Grajeda argued the ALJ failed to comply with K.S.A. 44-531(a) because he did not expressly find the lump sum payment was in Grajeda's best interest. She also claimed the ALJ violated administrative regulations designed to ensure that Grajeda fully understood the medical evidence regarding her disability. Aramark and Bankers argued the Board had no jurisdiction to review Grajeda's lump sum settlement award. In the alternative, Aramark and Bankers argued Grajeda received a proper settlement hearing and her lump sum settlement award should be approved.

The Board concluded it had jurisdiction to review Grajeda's settlement award. However, the Board neither approved nor set aside the settlement. Instead, the Board concluded:

"Claimant's attack on the Settlement Award has raised issues that were not addressed at the administrative law judge level. Accordingly, the parties should be afforded the opportunity to compile an evidentiary record to support their

legal theories. Consequently, this claim should be remanded to an administrative law judge for further delineating the issues, setting the parties' terminal dates for taking evidence, and decision."

The Board remanded Grajeda's claim to the ALJ for the parties to present evidence and for the ALJ to address Grajeda's request to set aside the settlement award. Aramark and Bankers appeal the Board's decision.

### Did the Board have jurisdiction to hear the appeal?

Aramark and Bankers claim the Board did not have jurisdiction to hear Grajeda's appeal. Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *Mid-Continent Specialists, Inc. v. Capital Homes*, 279 Kan. 178, 185, 106 P.3d 483 (2005).

K.S.A. 2005 Supp. 44-551(b)(1) provides in part:

"All final orders, awards, modification of awards, or preliminary awards under K.S.A. 44-534a and amendments thereto made by an administrative law judge shall be subject to review by the board upon written request of any interested party within 10 days."

When a statute is unambiguous, the appellate courts will not speculate as to the legislature's intent nor, will they add something not readily found in the statute. *State v. Thrash*, 267 Kan. 715, 716-17, 987 P.2d 345 (1999). K.S.A. 2005 Supp. 44-551(b)(1) clearly provides the Board with jurisdiction to review final orders and awards made by an ALJ. There is no dispute that a lump settlement qualifies as a final order or an award. Thus, in the absence of contrary authority, 44-551(b)(1) provided the Board with jurisdiction to review Grajeda's settlement award.

Aramark and Bankers argue that K.S.A. 2005 Supp. 44-551(b)(1) must be read in conjunction with K.S.A. 44-531(a), dealing with lump sum settlements, which provides:

"(a) Where all parties agree to the payment of all or any part of compensation due under the workers compensation act or under any award or judgment, and where it has been determined at a hearing before the administrative law judge that it is for the best interest of the injured employee or the dependents of a deceased employee, or that it will avoid undue expense, litigation or hardship to any party or parties, the administrative law judge may permit the employer to

redeem all or any part of the employer's liability under the workers compensation act by the payment of compensation in a lump sum, except that no agreement for payment of compensation in a lump sum shall be approved for nine months after an employee has returned to work in cases in which the employee, who would otherwise be entitled to compensation for work disability, is not entitled to work disability compensation because of being returned to work at a comparable wage by the employer who employed the worker at the time of the injury giving rise to the claim being settled. . . . *Upon paying such lump sum the employer shall be released and discharged of and from all liability under the workers compensation act for that portion of the employer's liability redeemed under this section."* (Emphasis added.)

Contrary to the assertion of Aramark and Bankers, K.S.A. 44-531(a) does not limit the Board's jurisdiction to review a lump sum settlement award. The statute only provides that an employer is released from liability upon paying a lump sum settlement to an employee. The legislature's intent that an employer be released from liability after payment of a lump sum settlement does not necessarily mean that the legislature also intended to prohibit review by the Board. Grajeda presents a strong argument that the legislature intended to subject lump sum payments to review because their settlement approval is thoroughly regulated. Among other things, K.S.A. 44-531(a) requires an ALJ to either determine that a lump sum settlement is in the claimant's best interest or determine that the settlement would avoid undue expense and litigation. The statute also prohibits approval of lump sum settlements until the employee has returned to work for 9 months because if the employee has returned to work at a comparable wage, the employee is not entitled to work disability compensation. Under Aramark and Bankers' interpretation of the statute, an ALJ could ignore the strict requirements of a settlement hearing under K.S.A. 44-531(a) but not be subject to any review by the Board.

Aramark and Bankers also point to K.S.A. 44-528(a), which provides in part:

"Any award or modification thereof agreed upon by the parties, except lump-sum settlements approved by the director or administrative law judge, whether the award provides for compensation into the future or whether it does not, may be reviewed by the administrative law judge for good cause shown upon the application of the employee, employer, dependent, insurance carrier or any other interested party."

This section provides that lump sum settlement awards are exempt from further review and modification *by the ALJ*. The provision does not address review by the Board and is therefore inapplicable to Grajeda's case.

Finally, Aramark and Bankers argue that Grajeda waived her right to appeal by agreeing to the lump sum settlement. They cite several cases for the proposition that, absent bad faith, neither party may repudiate a settlement. The cases are easily distinguished by the fact that they do not deal with the Workers Compensation Act or jurisdiction under the Act. Whether Grajeda is allowed to repudiate her settlement agreement is irrelevant to the issue of jurisdiction. Subject matter jurisdiction, the power of a court or agency to hear and decide a case, may not be waived by a party. See *In re Estate of Wolf*, 32 Kan. App. 2d 1247, 1250, 96 P.3d 1110 (2004), *aff'd* 279 Kan. 718, 112 P.3d 94 (2005) (citing *Labette Community College v. Board of Crawford County Comm'rs*, 258 Kan. 622, 626, 907 P.2d 127 [1995]).

In summary, K.S.A. 2005 Supp. 44-551(b)(1) provided the Board with statutory authority to review Grajeda's lump sum settlement award after it had been approved by the ALJ. The Board did not err in finding that it had jurisdiction to consider Grajeda's appeal.

## *Did the Board err by remanding the case to the ALJ?*

Aramark and Bankers claim that even if the Board did have jurisdiction to hear Grajeda's appeal, the settlement hearing complied with the provisions of the Workers Compensation Act and the Board should have approved the settlement award. In response, Grajeda claims the settlement hearing was deficient in three respects. First, Grajeda claims the ALJ failed to expressly find that the lump sum settlement was in Grajeda's best interest, as required by K.S.A. 44-531(a). Second, she claims the ALJ failed to comply with K.A.R. 51-3-9, which requires a claimant to testify that he or she has read the medical reports introduced as evidence at the settlement hearing, or has had the reports read to him or her, and that the claimant fully understands the medical evidence regarding disability. Finally, Grajeda claims the settlement should not have been approved because the ALJ failed to determine

whether Grajeda had been back to work for more than 9 months, as required by K.S.A. 44-531(a).

After considering Grajeda's appeal and hearing arguments from both sides, the Board neither approved nor set aside Grajeda's lump sum settlement award. Instead, the Board remanded Grajeda's claim to an ALJ for the parties to present evidence and for the ALJ to address Grajeda's request to set aside the settlement award. Both sides are now requesting this court to address the merits of whether Grajeda's claim should be approved or set aside. We decline to do so without a final order from the agency. Clearly, it would be premature for this court to address the merits of the substantive claims. The parties should first be allowed to compile an evidentiary record for the ALJ to address Grajeda's request to set aside the settlement award. The ALJ's decision will then be subject to review by the Board. Once the Board has entered a final order, the issue will be ripe for appellate review. See *Williams v. General Electric Company*, 27 Kan. App. 2d 792, 793, 9 P.3d 1267 (1999) (order remanding for further factual findings by an administrative agency is not appealable in the absence of exceptional circumstances).

Affirmed in part, dismissed in part, and remanded.