NOT DESIGNATED FOR PUBLICATION

No. 116,907

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUSTIN GARBERG and TREVOR GARBERG,
*Appellees*,

v.

ADVANTAGE SALES & MARKETING, LLC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DAVID W. HAUBER, judge. Opinion filed May 4, 2018. Appeal dismissed.

*James D. Oliver*, of Foulston Siefkin LLP, of Overland Park, for appellant.

*Christopher L. Johnson* and *Katharine K. Sangha*, of Polsinelli PC, of Kansas City, Missouri, for appellees.

Before POWELL, P.J., STANDRIDGE, J., and STUTZMAN, S.J.

PER CURIAM: Kansas citizens Justin Garberg and Trevor Garberg (the Garbergs) agreed to sell their business, The Sunflower Group (Sunflower), to Advantage Sales and Marketing, LLC (ASM), a California company. The parties signed an Asset Purchase Agreement reflecting the sale and a Severance Award Agreement relating to the Garbergs' future employment with ASM. The Garbergs were later terminated and filed a breach of contract action against ASM in a Kansas district court. ASM filed a motion to dismiss, claiming that a forum selection clause in the Asset Purchase Agreement and a mandatory arbitration provision in the Severance Award Agreement required the

1

Garbergs to submit their dispute to Delaware courts, the chosen forum the parties consented to when they negotiated the agreements. The district court denied the motion on grounds that the forum selection clause and the arbitration clause were invalid and unenforceable because the underlying transaction had no reasonable relationship to Delaware. ASM filed a motion to alter, amend, and reconsider, alternatively asking the court to reconsider its ruling and dismiss the action or to stay the proceedings pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq. (2012). ASM appeals from the district court's decision not to dismiss the action, raising several issues related to the district court's denial of its motion to dismiss and its motion to alter, amend, and reconsider. Because we lack jurisdiction over this interlocutory appeal, we dismiss it.

FACTS

The Garbergs are Kansas citizens and owned Sunflower, a marketing company that specializes in in-store sampling programs. Sunflower was a Kansas corporation with its principal place of business in Kansas. ASM is a sales and marketing agency that provides a range of support services to clients nationwide, including some of the same services provided by Sunflower. ASM's principal place of business is in California.

On August 22, 2014, ASM and related entities entered into an Asset Purchase Agreement with Sunflower's beneficial owners, including the Garbergs, to purchase Sunflower for approximately $25 million. Justin, acting as a representative for Sunflower, accepted the terms of the Asset Purchase Agreement in Kansas, and the contract was executed in Kansas. The Asset Purchase Agreement contained a mandatory Delaware forum selection clause, requiring all disputes arising out of or relating to the agreement be heard in Delaware:

"**Section 10.10 <u>Jurisdiction of the Courts.</u>** Subject to the dispute resolution mechanics set forth in Section 1.6(b), and Section 1.7(a), any Proceeding initiated over

2

any dispute arising out of or relating to this Agreement or any of the transactions contemplated hereby shall be initiated in any federal or state court located within the county of Wilmington, State of Delaware, and the Parties further agree that venue for all such matters shall lie exclusively in those courts. The Parties hereby irrevocably waive, to the fullest extent permitted by applicable Law, any objection that they may now or hereafter have, including any claim of forum *non conveniens*, to venue in the courts located in Wilmington, Delaware. The Parties agree that a judgment in any such dispute may be enforced in other jurisdictions by Proceedings on the judgment or in any other manner provided by Law."

As part of the Asset Purchase Agreement, the Garbergs both became employees of ASM. In connection with this employment, ASM and the Garbergs entered into Severance Award Agreements, which provided that if the Garbergs' employment with ASM was terminated without cause, they would be entitled to accrued rights, severance pay, and severance benefits. But if the Garbergs' employment was terminated for cause, as defined in the agreement, they would not be entitled to such rights, pay, or benefits. The Garbergs executed the Severance Award Agreements in Kansas, and while the Garbergs were employed by ASM, they continued to work in Kansas. The Severance Award Agreements contained a Delaware choice of law provision and an arbitration provision, which stated, in relevant part:

"7.1 <u>Governing Law; Arbitration</u>.

"(a)  This Agreement shall be governed by the laws of the State of Delaware, without regard to any conflicts of laws principles thereof that would call for the application of the laws of any other jurisdiction.

"(b)  Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement shall be settled exclusively by arbitration, conducted before a panel of three (3) arbitrators in Delaware, in accordance with the National Rules for the Resolution of Employment Disputes of the American Arbitration Association ('<u>AAA</u>') then in effect."

On July 2, 2015, ASM informed Justin that he was being terminated for cause. On February 2, 2016, ASM advised Trevor that he was being terminated because his position had been eliminated.

On March 2, 2016, the Garbergs filed a petition for declaratory judgment against ASM in Johnson County District Court, alleging breach of contract, breach of the covenant of good faith and fair dealing, and violation of the Kansas Wage Payment Act, K.S.A. 44-313 et seq. Specifically, the Garbergs claimed that ASM had terminated their employment without cause and that they were therefore entitled to severance payments under the contract.

In response, ASM filed a motion to dismiss, arguing that Garbergs' petition should be dismissed because (1) the forum selection clause in the Asset Purchase Agreement required the Garbergs to bring the action in Delaware and (2) the Severance Award Agreements mandated binding arbitration of the dispute in Delaware. The Garbergs opposed the motion to dismiss on grounds that the Delaware choice-of-law provisions, forum selection provisions, and arbitration provisions at issue were unenforceable. The Garbergs asserted that Kansas law applied to their claims and that Kansas was the proper forum for the litigation.

After the parties appeared before the district court to argue their respective positions, the court denied ASM's motion to dismiss. Specifically, the court ruled that the forum selection clause was invalid and unenforceable because Delaware had no relationship to any of the parties and no reasonable relationship to the parties' transaction. As a result, the court found that the Garbergs could proceed with the action in Kansas courts because they were terminated in Kansas and the contract was formed in Kansas. The court also held that the mandatory arbitration clause was invalid and unenforceable due to the lack of a reasonable relationship with Delaware and the fact that litigation in Delaware courts was a condition precedent to arbitration.

4

ASM filed a motion to alter, amend, and reconsider. ASM requested that the district court's order be altered or amended to dismiss the action because (1) the court mistakenly applied state law in deciding that the parties' agreements to arbitrate were unenforceable because state law is preempted by the FAA and (2) the court did not have all the relevant facts when it found there was an insufficient relationship with Delaware and that it should consider additional evidence which showed substantive connections between Delaware and the parties' transaction. Alternatively, ASM requested a stay of the proceedings under §§ 3 and 4 of the FAA or a certification of the court's prior order for interlocutory appeal pursuant to K.S.A. 2016 Supp. 60-2102(c).

In response, the Garbergs alleged that ASM's motion to reconsider was improper under K.S.A. 2016 Supp. 60-259 because it merely presented arguments already rejected by the district court or asserted new arguments that were not made in ASM's motion to dismiss, and that ASM failed to identify any change in controlling law, new evidence, or clear error by the district court that would warrant reconsideration, alteration, or amendment. The Garbergs further claimed that the district court's order denying ASM's motion to dismiss was not appealable because ASM never filed a motion to compel arbitration or stay proceedings under the FAA. Finally, the Garbergs claimed that ASM's request for certification for interlocutory appeal was untimely and that the district court's order denying ASM's motion to dismiss did not meet the requirements for certification under K.S.A. 2016 Supp. 60-2102(c).

Following argument, the district court denied ASM's motion to alter, amend, and reconsider. Specifically, the court held that the FAA was not applicable because ASM did not seek to compel arbitration or stay the proceedings in its original motion to dismiss and rejected ASM's attempt to seek a stay for the first time in its motion for reconsideration. The court affirmed its previous ruling, declining to consider ASM's additional evidence on reconsideration and finding that a motion to reconsider was not the proper avenue to request arbitration. The district court also denied ASM's alternative

5

request for certification of its order denying ASM's motion to dismiss, reiterating that ASM did not ask the court to compel arbitration in its motion to dismiss.

ASM filed this timely appeal. Thereafter, the Garbergs filed a motion for involuntary dismissal, arguing that ASM's appeal should be dismissed on jurisdictional grounds because the district court's order is not appealable under K.S.A. 2016 Supp. 60-2102. We issued an order to show cause as to why the appeal should not be dismissed for lack of jurisdiction. After both parties responded, we denied the Garbergs' motion. Specifically, we noted that a decision in the case would rely on the specific language used in certain documents. Because we did not yet have access to the record on appeal at that time, we were unable to conclusively determine whether the appeal was premature.

ANALYSIS

ASM raises several issues on appeal relating to the district court's denial of its motions below. But we must first consider the jurisdictional question presented by the Garbergs.

Subject matter jurisdiction is the power of a court or agency to hear and decide a case. See *Grajeda v. Aramark Corp.*, 35 Kan. App. 2d 598, 603, 132 P.3d 966 (2006). In Kansas, the right to appeal is entirely statutory, and our appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statute. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). An appellate court cannot expand or assume jurisdiction where a statute does not provide it. *Jones v. Continental Can Co.*, 260 Kan. 547, 558, 920 P.2d 939 (1996). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015).

An appeal may be taken to the Kansas Court of Appeals, as a matter of right, from any final decision. K.S.A. 2017 Supp. 60-2102(a)(4). "A final decision generally disposes of the entire merits of the case and leaves no further questions or the possibility of future directions or actions by the court." *Newcastle Homes v. Thye*, 44 Kan. App. 2d 774, 796, 241 P.3d 988 (2010) (citing *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 29, 59 P.3d 1003 [2002]). "The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case." *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015).

Here, ASM is attempting to appeal (1) from the district court's order denying its motion to dismiss and (2) from the district court's subsequent order denying its motion to alter, amend, and reconsider that order. But an order denying a motion to dismiss is not a final or appealable order. *Harsch v. Miller*, 288 Kan. 280, 290, 200 P.3d 467 (2009); see *Bates & Son Construction Co. v. Berry*, 217 Kan. 322, 324, 537 P.2d 189 (1975) ("'[B]ecause they are not final orders, no appeal will lie from an order overruling a motion to dismiss an action.'"). Nevertheless, ASM relies on the FAA as establishing our jurisdiction over its appeal.

Section 3 of the FAA entitles litigants to a stay of any action that is "referable to arbitration under an agreement in writing." 9 U.S.C. § 3. Section 16(a)(1)(A), in turn, allows an appeal from "an order . . . refusing a stay of any action under section 3." Thus, the FAA provides an exception to the usual finality requirement and allows litigants seeking a stay for purposes of arbitration to appeal a denial of such a motion. See *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627, 129 S. Ct. 1896, 173 L. Ed. 2d 832 (2009) (Section 16[a][1][A] clearly and unambiguously entitles any litigant who asks for stay under § 3 to immediate appeal from denial of that motion); *Hague v. Hallmark Cards, Inc.*, 48 Kan. App. 2d 118, 120, 284 P.3d 369 (2012) (invoking jurisdiction under 9 U.S.C. § 16[a][1][A] to hear appeal of district court's denial of motion to stay).

7

The Tenth Circuit Court of Appeals has set forth a test for determining whether jurisdiction is proper under § 16(a):

> "[I]n order to invoke the appellate jurisdiction provided in § 16(a), the defendant in the district court must either move to compel arbitration and stay litigation explicitly under the FAA, or must make it plainly apparent that he seeks only the remedies provided for by the FAA—namely, arbitration rather than any judicial determination—in his [or her] prayer for relief." *Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1385 (10th Cir. 2009).

Under this rule, the "surest way to guarantee appellate jurisdiction under § 16(a) is to caption the motion in the district court as one brought under FAA §§ 3 or 4." 585 F.3d at 1385. Failure to do so "dramatically reduces the chances that an appellate court will find it has jurisdiction to review the denial of such a motion." 585 F.3d at 1385. But the caption of the motion is not determinative:

> "[T]he court must look beyond the caption to the essential attributes of the motion itself. The goal of this inquiry is to determine whether it is plainly apparent from the four corners of the motion that the movant seeks only the relief provided for in the FAA, rather than any other judicially-provided remedy. To do so, the court should look to the relief requested in the motion. If the essence of the movant's request is that the issues presented be decided exclusively by an arbitrator and not by any court, then the denial of that motion may be appealed under § 16(a).
>
> "If, on the other hand, the movant in the district court requests a judicial remedy that is inconsistent with the position that the issues involved may be decided only by the arbitrator, the movant is no longer proceeding exclusively under the FAA and has forfeited their right to interlocutory review under § 16(a). [Citations omitted.]" 585 F.3d at 1385-86.

The *Conrad* court then applied this test to the appeal of a district court order granting in part and denying in part a motion to dismiss, and held that it lacked jurisdiction to hear the appeal because the appellants failed to meet either means to satisfy § 16(a)(1)(A). 585

8

F.3d at 1379-80, 1386. First, the appellants styled their motion in district court as one to dismiss rather than a motion under § 3 to stay litigation. Second, looking beyond the motion's caption, the court identified the requested judicial relief—asserting that "'Plaintiff's Complaint should be dismissed . . . because Plaintiff agreed to arbitrate all claims relating to his employment'"—as "a request for judicial relief in the form of dismissal, rather than a request that the court refer the case to an arbitrator to decide the issues." 585 F.3d at 1386.

Under the *Conrad* test, this court does not have jurisdiction under § 16(a)(1)(A) over ASM's appeal from the district court's order denying ASM's initial motion to dismiss or the order denying ASM's subsequent motion to alter, amend, and reconsider the court's dismissal.

1. *ASM's motion to dismiss*

ASM's initial motion was captioned as a motion to dismiss, rather than a motion under §§ 3 or 4 of the FAA to stay litigation and compel arbitration. Moreover, ASM did not request relief under the FAA within the motion itself. Although ASM suggests that it requested a stay as an alternative remedy to dismissal in its motion to dismiss, this suggestion is unsupported by the record. ASM requested dismissal of the Garbergs' petition based on the Delaware forum selection provision and the mandatory arbitration agreement in the parties' contracts. In its motion, ASM specifically requested that the district court dismiss the petition rather than impose a stay, stating: "*Notwithstanding the provision of § 3 in the FAA regarding a stay of litigation, this proceeding should be dismissed rather than stayed* because Plaintiffs have otherwise agreed to submit all disputes to the Delaware courts." (Emphasis added.) ASM concluded its petition by stating that "[d]ismissal is the appropriate remedy" and requested dismissal of the action and payment of attorney fees and costs in its prayer for relief. In the reply memorandum ASM filed to support the initial motion to dismiss, it reiterated its request for dismissal as

9

opposed to a stay. And at the hearing on the initial motion, ASM's counsel argued solely in favor of dismissing, not staying the case. In fact, the district judge specifically discussed the option of staying the case and submitting the claims to an arbitrator. In response, ASM's counsel rejected the possibility of a stay, stating,

> "Your Honor, we are asking for dismissal without prejudice. And the reason for that is by staying this action in favor of arbitration, what the Court is really saying is that the Court does have jurisdiction and it would negate the forum selection clause.
>
>        . . . .
>
> "[W]e think that a stay in this matter would be inappropriate because it's negating the forum selection clause, and that is one of the three provisions that we are seeking to enforce, Your Honor."

For the reasons stated above, we find the essence of ASM's motion to dismiss was not for relief under the FAA; rather, ASM clearly requested judicial relief in the form of a dismissal based on the Delaware forum selection provision or the mandatory arbitration agreement in the parties' contracts. As a result, this court lacks jurisdiction over the district court's denial of that motion.

2. *ASM's motion to alter, amend, and reconsider*

Notwithstanding ASM's failure to request a stay in its motion to dismiss, ASM asserts appellate jurisdiction is proper because ASM subsequently requested a stay in its motion to alter, amend, and reconsider. ASM claims that its "underlying theory had not changed" and that it had consistently sought to enforce the parties' arbitration agreements, not obtain a judicial determination on the merits. As support for its argument, ASM primarily relies on *Dillon v. BMO Harris Bank, N.A.*, 787 F.3d 707 (4th Cir. 2015), and *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690 (4th Cir. 2012).

10

But the cases relied on by ASM are not binding authority and are easily distinguishable. These cases involved situations where the defendants clearly and consistently sought sole relief under the FAA and do not stand for the proposition that this relief may be requested for the first time in a motion for reconsideration. See *Dillon*, 787 F.3d at 711, 713-14 (appellate court had jurisdiction under § 16[a] of the FAA where defendants filed motions to compel arbitration and stay further court proceedings and later filed renewed motions on same grounds); *Rota-McLarty*, 700 F.3d at 698-99 (denial of defendant's motion to compel arbitration and stay proceedings was immediately appealable, as it clearly invoked relief provided for in §§ 3 or 4 of the FAA). As previously discussed, although ASM initially sought dismissal based in part on the parties' arbitration agreements, it also sought dismissal under the Delaware forum selection provision. ASM's motion clearly sought judicial relief in the form of dismissal, rather than a request to stay the matter so the court could refer the case to an arbitrator to decide the issues. See *Conrad*, 585 F.3d at 1386.

> "[I]n order to properly invoke appellate jurisdiction under the [FAA], the movant must either explicitly move to stay litigation and/or compel arbitration pursuant to the [FAA], or it must be unmistakably clear from the four corners of the motion that the movant seeks relief provided for in the FAA." 585 F.3d at 1379.

ASM did not request that the district court stay the proceedings or compel arbitration under the FAA and specifically informed the court that a stay was not appropriate. And in its motion to alter, amend, and reconsider the denial of the motion to dismiss, ASM asked the district court to reconsider its ruling and either dismiss the action, stay the action pending arbitration, or certify the court's order for interlocutory appeal. At the hearing on the motion, ASM's counsel acknowledged that ASM had modified its motion to dismiss to request a stay. The district court rejected ASM's attempt to request a stay for the first time in its motion to reconsider, holding that a motion for reconsideration is not intended to allow a party to advance new theories and is not the proper avenue to compel

11

arbitration. The court also denied ASM's request for certification for an interlocutory appeal:

> "Defendant never has asked the Court to compel arbitration in its motion to dismiss. It admitted the same during oral argument when the Court inquired why defendant had not proceeded to file an arbitration demand. Counsel suggested that it was 'deferring' to this Court's determination first. Thus, whatever strategy is afoot in defendant not seeking to compel arbitration, it must be plainly apparent that it actually is seeking arbitration rather than any judicial determination. Defendant asked for dismissal citing the mandatory, exclusive Delaware forum selection provision or by reason of a mandatory arbitration agreement requiring binding arbitration in Delaware. . . . [T]he arbitration provision was only discussed in the alternative."

ASM did not seek to stay the proceedings or compel arbitration under the FAA in its motion to dismiss. After its initial motion to dismiss was denied, ASM filed a motion asking the court to alter, amend, and reconsider the decision to deny its motion to dismiss. Notably, ASM sought a stay pending arbitration *only as an alternative* in case the court decided not to reconsider or amend its order dismissing the case. A motion for reconsideration is not the proper vehicle for asserting new legal arguments. Rather, it is a way to alert the district court to some factual or legal error it has made in considering the arguments already before it. See *Reimer v. The Waldinger Corp.*, 265 Kan. 212, 216, 959 P.2d 914 (1998) (district court did not abuse its discretion in refusing to entertain claim first raised in motion for reconsideration); see also *Sierra Club v. Mosier*, 305 Kan. 1090, 1122, 391 P.3d 667 (2017) (party may not raise new argument in motion for reconsideration unless argument could not have been presented earlier). Moreover, ASM's insistence—while arguing its motion to dismiss—that a stay was inappropriate is akin to invited error. See *Thoroughbred Assocs. v. Kansas City Royalty Co.*, 297 Kan. 1193, 1203, 308 P.3d 1238 (2013) (party may not invite error and then complain of that error as a ground for reversing an adverse judgment); *In re Estate of Broderick*, 34 Kan. App. 2d 695, Syl. ¶ 10, 125 P.3d 564 (2005) ("Where a party procures a court to proceed

in a particular way thereby inviting a particular ruling, that party is precluded from assailing such proceeding and ruling on appellate review.").

Because the essence of ASM's motion to dismiss was not for relief under the FAA, we lack jurisdiction over the denial of that motion. See *Conrad*, 585 F.3d at 1385-86. And ASM's alternative request for a stay, raised for the first time on reconsideration, is not properly before this court for review. See *Reimer*, 265 Kan. at 216; *In re Estate of Broderick*, 34 Kan. App. 2d 695, Syl. ¶ 10. Therefore, we dismiss ASM's appeal for lack of jurisdiction and remand to the district court for further proceedings. See *Wiechman*, 304 Kan. at 84-85 (where record discloses lack of jurisdiction, appellate court must dismiss appeal).

Appeal dismissed.