NOT DESIGNATED FOR PUBLICATION

No. 122,188

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STEVEN LANGVARDT,
*Appellee*,

v.

INNOVATIVE LIVESTOCK SERVICES and KANSAS LIVESTOCK ASSOCIATION,
*Appellants*.

MEMORANDUM OPINION

Appeal from Workers Compensation Appeals Board. Opinion filed November 6, 2020. Appeal dismissed.

*D. Shane Bangerter*, of Bangerter Law, P.A., of Dodge City, for appellants.

*Scott J. Mann*, of Mann, Wyatt & Rice, LLC, of Hutchinson, for appellee.

Before ARNOLD-BURGER, C.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Innovative Livestock Services and its insurance company, Kansas Livestock Association (collectively Innovative Livestock), appeal the Kansas Workers Compensation Appeals Board's (the Board) order overturning the administrative law judge's (ALJ) approval of a lump-sum settlement between Innovative Livestock and the claimant, Steven Langvardt, and remanding the matter for further proceedings. Innovative Livestock claims the Board erred in finding the settlement was not in Langvardt's best interest and in finding that Innovative Livestock had not made payment as required to complete the settlement. But because we find the appeal is premature under the current posture of the case, we dismiss the appeal without prejudice.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2018, Langvardt suffered an accidental injury while working for Innovative Livestock. Langvardt sought treatment for his upper extremity injuries from Doctor John P. Estivo. On January 11, 2019, Estivo issued a report, finding Langvardt was "at maximum medical improvement [and] does not require any further medical treatment in relation to the injury claim of [October 15, 2018]." Estivo also found that the lower extremity weakness Langvardt complained of did not relate to his work injury. On March 18, 2019, Estivo issued an impairment rating, finding Langvardt had a 10% impairment to the left upper extremity and a 4% impairment to the right upper extremity in relation to the work-related injury.

On May 17, 2019, the ALJ held a telephonic settlement hearing. Langvardt appeared pro se. At the hearing, Innovative Livestock offered a lump sum of $20,512.50 in exchange for Langvardt's complete settlement of all workers compensation claims related to the accident. Innovative Livestock presented a report from Estivo stating within reasonable medical certainty that he did not anticipate Langvardt would require more medical treatment. Langvardt affirmed that he understood the settlement. The ALJ informed Langvardt that he could have a lawyer, and Langvardt responded that he had consulted with a lawyer, but the lawyer told Langvardt that he did not need a lawyer for the hearing. Langvardt affirmed that he thought the settlement was in his best interest.

The ALJ found that it was in Langvardt's best interest to settle and awarded Langvardt $20,512.50. Innovative Livestock said a check had been delivered to the employer's office and Langvardt could pick it up there. Langvardt stated he was in the hospital in Nebraska and could not pick it up, so he asked if the check could be mailed to him. Innovative Livestock said Langvardt could "just call them and work it out."

2

According to the Board's order, within 24 hours of the settlement hearing, Langvardt informed Innovative Livestock that he did not want to accept the settlement check. Langvardt retained counsel and on May 24, 2019, he filed his application for review with the Board, asking to have the settlement set aside. Langvardt argued he had not taken delivery of the payment and the settlement should be set aside because he was not advised of his rights and it was not in his best interest.

On November 4, 2019, after having heard arguments from counsel, the Board issued its order. The Board found the settlement agreement was not in Langvardt's best interest for three reasons. First, the Board found that Langvardt may be eligible for a work disability award under K.S.A. 2019 Supp. 44-510e based on his 8% whole body impairment. Second, the Board found that the settlement was less than the monetary value of an 8% impairment to the body, worth $21,414. Third, the Board found that Langvardt's assertion that he was still in the hospital should have "raised some red flags" and the ALJ should have inquired why Langvardt was hospitalized and determined whether it was related to his injury or if it impaired his judgment to enter into a settlement. The Board also found that Innovative Livestock had not made payment to Langvardt as required to complete the settlement. The Board set aside and voided the ALJ's settlement award and stated the "case is to be assigned to an [ALJ] for further proceedings."

Innovative Livestock timely petitioned for judicial review with this court. On May 14, 2020, this court issued a show cause order directing the parties to "explain why this appeal was not prematurely filed." Innovative Livestock responded arguing the Board's order was a final decision ripe for appeal. On June 2, 2020, this court issued an order finding that the "appeal is retained on present showing but this court still questions whether this is an attempt to appeal a non-final order. Therefore, both parties are ordered to file supplemental briefs on this issue."

3

IS THIS APPEAL PREMATURE?

The threshold issue is whether this court has jurisdiction to hear this appeal or whether the appeal is otherwise premature. The court may raise issues relating to jurisdiction at any time. Whether jurisdiction exists is a question of law subject to unlimited review. *Via Christi Hospitals Wichita v. Kan-Pak*, 310 Kan. 883, 889, 451 P.3d 459 (2019).

Under K.S.A. 2019 Supp. 44-556(a), a party may appeal a "final order" of the Board in accordance with the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq. While the term "final order" is not defined in the workers compensation statutes, the KJRA defines "final agency action" as "the whole or a part of any agency action other than nonfinal agency action." K.S.A. 77-607(b)(1). "Nonfinal agency action" is defined as "the whole or a part of an agency determination, investigation, proceeding, hearing, conference or other process that the agency intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action of that agency or another agency." K.S.A. 77-607(b)(2).

Based on these principles, this court issued a show cause order questioning whether the Board's decision—voiding the settlement and remanding the matter to the ALJ for further proceedings—constituted nonfinal agency action that was not ripe for appeal. In accordance with the show cause order, the parties filed supplemental briefs addressing whether this court has jurisdiction.

Innovative Livestock argues this court has jurisdiction to hear this appeal because the Board's order is the "'final decision'" on the "controversy between the parties of the present case . . . the validity of the [s]ettlement." Innovative Livestock also argues that this appeal will not lead to piecemeal handling of the case because the only issue on appeal is whether the settlement is valid, a question that will not be raised again once this

4

court decides the issue. Innovative Livestock then argues that because an appeal can be taken from the Board's order affirming a settlement, this court should be able to hear an appeal from the Board's order setting aside a settlement.

Langvardt contends this court lacks jurisdiction because the remand order is not a final order. Langvardt cites two cases to support his assertion. First, *Grajeda v. Aramark Corp.*, 35 Kan. App. 2d 598, 598-99, 132 P.3d 966 (2006), in which this court found that an appeal from a settlement hearing was premature because the Board had remanded the matter to the ALJ for further proceedings on the merits of the settlement. Second, he cites *Williams v. General Electric Company*, 27 Kan. App. 2d 792, 793, 9 P.3d 1267 (1999), in which this court found an order of remand from the Board to the ALJ for additional findings of fact is not a final order subject to appellate review.

*Grajeda* is the closer case on point but it is distinguishable from Langvardt's case because in *Grajeda* the Board neither approved nor set aside the settlement reached before the ALJ, but the Board remanded the case to the ALJ to make additional findings. Still, both sides wanted this court to address the merits of whether Grajeda's claim should be approved or set aside. This court dismissed that part of the appeal as premature and noted that it could review the merits of the settlement once the Board entered a final order. 35 Kan. App. 2d at 604.

Here, the Board has remanded Langvardt's case to the ALJ for further proceedings. A remand order for the ALJ to conduct further proceedings is an agency determination the Board "intends or is reasonably believed to intend to be preliminary, preparatory, procedural or intermediate with regard to subsequent agency action." See K.S.A. 77-607(b)(2) (defining nonfinal agency action). Whether the Board erred in finding the settlement was not in Langvardt's best interest can be reviewed by this court after a final order on the merits of case has been entered. We know of no authority under either the workers compensation statutes or the KJRA for a party to bring an interlocutory appeal

5

from a nonfinal agency action, which is essentially what Innovative Livestock is trying to do here, nor has Innovative Livestock made application to this court for such an appeal. See K.S.A. 2019 Supp. 60-2102(c).

Contrary to Innovative Livestock's assertion, the "controversy" between the parties is not narrowly limited to the validity of the settlement. Instead, the controversy between the parties is what compensation Langvardt may receive for his work-related injury. This issue—the main controversy between the parties—remains unresolved. For all we know, both parties may be satisfied with the ALJ's resolution of the case, rendering any other appeals to the Board or to this court unnecessary. Allowing Innovative Livestock to bring its appeal to this court in the current posture of the case "is inconsistent with the clearly stated Kansas policy to avoid piecemeal appeals." *Harsch v. Miller*, 288 Kan. 280, 288, 200 P.3d 467 (2009).

In sum, had the Board upheld the ALJ's approval of the settlement, such a decision would have been a final order subject to judicial review. But here, the Board set aside the settlement and remanded the case to the ALJ for further proceedings. Whether we base our ruling on lack of jurisdiction, ripeness for judicial review, or the policy of Kansas appellate courts to avoid piecemeal appeals, we find that Innovative Livestock's appeal to this court is premature under the current posture of the case. The case can be returned to this court after the Board has entered a final order addressing the merits of the controversy between the parties and we will address all issues at one time. For these reasons, we dismiss the appeal without prejudice.

Appeal dismissed.